IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-403 (MN) |
| | ) |
| UNIVERSITY OF VIRGINIA DARDEN | ) |
| SCHOOL OF BUSINESS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Ronald Satish Emrit, Sarasota, Florida – Pro Se Plaintiff.

April 9, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Ronald Satish Emrit filed this action against Defendants University of Virginia Darden School of Business, Adams & Garth, National Association for the Advancement of Colored People (NAACP), Equal Employment Opportunity Commission (EEOC) and the Department of Justice (DOJ) Civil Rights Division. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.      BACKGROUND**

Plaintiff is not new to litigation. In June 2023, this Court screened and dismissed a previous case he had filed here as frivolous. In 2015, the Western District of Texas barred Plaintiff from future filings in that Court without prior approval, noting that he had filed at least fifty frivolous lawsuits across the country in the three preceding years, and that at least four of those cases had been filed in that District. *See Emrit v. National Academy of Recording Arts and Sciences*, No. A-14-CA-392-SS, 2015 WL 518774 (W.D. Tex. Feb. 5, 2015). Plaintiff has been similarly barred in other jurisdictions. *See, e.g.*, *Emrit v. Special Agent in Charge of FBI Field Office in S. Dist. of New York SDNY*, No. 22-CV-9832 (LTS), 2022 U.S. Dist. LEXIS 217536, at *1 (S.D.N.Y. Dec. 1, 2022); *Emrit v. Ctrs. for Medicare & Medicaid Servs. (CMS)*, No. 2:14-cv-1761-GMN-PAL, 2016 WL 164992 (D. Nev. Jan. 14, 2016). In addition to the present case, Plaintiff currently has six other *in forma pauperis* cases pending in this Court.

In the present case, Plaintiff attempts to bring nine claims[1] based on allegations of wrongdoing to his friend in 2009, which impacted his own mental health.[2] He requests $200,000 in compensatory damages, $45 million in punitive damages, and injunctive relief securing employment for his friend and himself.

## II.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

---

[1]    Plaintiff's complaint contains nine counts:  Violation of Americans with Disabilities Act of 1990 (ADA), Invasion of Privacy Through False Light, Defamation (Slander), Negligence, Intentional Infliction of Emotional Distress, Violation of Equal Protection Clause, Violation of Due Process Clause, Violation of Privileges and Immunities Clause, and Violation of Title VII of Civil Rights Act of 1964.

[2]    Plaintiff does not appear to be an attorney and his friend is not a co-plaintiff.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Plaintiff does not have standing to bring claims based on his friend's experiences. Moreover, as a non-attorney, Plaintiff may not act as an attorney for other individuals and may only represent herself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Penn.*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children); *Walthour v. Child & Youth Servs.*, 728 F. 2 Supp. 2d 628, 630 n.1 (E.D. Pa. 2010) ("[A]lthough an individual is entitled to represent himself pro se, he may not act as an attorney on

behalf of others in federal court."). Plaintiff does not appear to be an attorney and, therefore, he may not represent or bring claims on behalf of Ashley Williams. To the extent, he is asserting that he, himself, was damaged by the experiences of his friend, he has failed to adequately plead that. Even if he did, the claims would be barred by the applicable statutes of limitations.[3] This case will be dismissed as frivolous and for failure to state a claim. Amendment is futile.

The United States Court of Appeals for the Third Circuit has held that if a district court determines that a litigant's past and current lawsuits constitute a continuous pattern of "groundless and vexatious litigation," the All Writs Act permits the court, under "exigent circumstances," to grant an Order enjoining the litigant from filing further actions without the permission of the Court. *See In re Oliver*, 682 F.2d 443, 445-46 (3d Cir. 1982) (issuing an injunction because plaintiff had filed over fifty frivolous civil rights cases). Plaintiff will be ordered to show cause why he should not be deemed a vexatious litigant and barred from initiating future actions in this Court without first obtaining permission from a judge of this Court.

### III. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (2). Amendment is futile. Plaintiff will also be directed to show cause why he should not be deemed a vexatious litigant.

An appropriate Order will be entered.

---

[3] In paragraphs 3 and 4 of Plaintiff's complaint, he asks for the statute of limitations to be equitably tolled "given the egregious nature of the racial discrimination experienced by the plaintiff's friend Ashley Williams and similar experiences with racism with which plaintiff has also had to deal from academic institutions . . . ." Plaintiff does not provide any other basis or caselaw supporting his request and, therefore, it will be denied.

4